IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-2164-JG-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ELIZABETH MARRERO, | ) | |
| | ) | |
| Defendant. | ) | |

This case and a related case[1] came before the court today for a consolidated hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant in the instant case, Elizabeth Marrero ("defendant"), as well as the defendant in the related case, pending trial.[2] At the hearing, defendant presented the testimony of her proposed third-party custodian, her sister. The government presented the testimony of a narcotics investigator with the Person County Sheriff's Office assigned to a task force of the Drug Enforcement Administration. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the

---

[1] *United States v. Silvestre Cuadra-Nunez*, No. 5:14-MJ-2165 (E.D.N.C.). The affidavit supporting the criminal complaint against Cuadra-Nunez, who is married to defendant, is materially identical to that supporting the complaint against defendant and names both as principals in the same drug-trafficking conspiracy.

[2] Without objection of counsel, the consolidated detention hearing was combined with a consolidated preliminary hearing in the two cases. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against her.

community before trial if defendant is released before trial. The government's motion is therefore GRANTED.

## Background

Defendant was charged by criminal complaint on 11 August 2014 with conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine and a quantity of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). The evidence presented at the hearing showed that the charges arise from two controlled purchases of over 110 grams of cocaine worth about $5,000.00 in each March and April 2013 from defendant and her husband by a confidential source at a convenience/Hispanic products store in Knightdale, North Carolina owned by defendant. In both transactions, defendant's husband obtained the cocaine being purchased from a plastic container and handed it to the confidential source. Defendant had arranged the transactions with the source over the telephone and took the money for the purchases from the source. In the course of the April 2013 transaction, defendant's husband stated to the confidential source that he could supply kilograms of cocaine to him.

A consensual search of the store after the April 2013 transaction yielded over 110 grams of additional cocaine and over 200 grams of heroin. A consensual search of defendant's home yielded small amounts of cocaine and marijuana, as well as two handguns in two nightstands and over $120,000 in cash. Defendant had informed the Probation Office weekly earnings of only $400 from her store, and her husband weekly earnings of less than about $300 from his job. Idols associated with drug trafficking were located in both the store and the home.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient

evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offense charged; the circumstances of the offense charged, including the amount of drugs apparently involved in the charged conspiracy, defendant's central role in the conspiracy, and the potential term of imprisonment defendant faces if convicted; the danger of continued drug-trafficking offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the presence of minor children in the home, defendant's exposure of her own minor child to firearms and illicit drugs in her home, the absence of the proposed custodian from the home for fulltime work, and the extent of the risk of flight and danger presented by defendant; the apparent ties of defendant (a naturalized United States citizen) to a foreign country, the Dominican Republic where she lived until age 19; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a criminal record and her cooperation with law enforcement. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 15th day of August 2014.

James E. Gates
United States Magistrate Judge